DEADWYLER *v.* CONSOLIDATED PAPER CO.

1. Master and Servant—Workmen's Compensation Act—Judg-
Ment.

Order of deputy commissioner denying employee's petition for
further compensation for injury to hand, which was sole issue
presented, was adjudication thereof, and, where not appealed
from, department of labor and industry had no authority to
declare said order nullity.

2. Same—Amendment of Petition Necessary to Enlarge Issue—
Notice.

To enlarge issue presented by employee's petition for further
compensation for injury to hand, amendment to petition, at
least, is required, with notice to employer and opportunity to
make denial thereof.

3. Same—Employer Not Required to Answer Issue Volunteered
by Deputy Commissioner.

Where employee's petition for further compensation for injury
to hand was not amended, employer was not required to sub-
mit to issue volunteered by deputy commissioner, but was
entitled to determination of issue presented in first instance
by official not engaged in procuring evidence to be submitted
to himself.

4. Same—Procedure—Deputy Commissioner May Not Inject New
Issue.

While strict rules of court procedure may not be applicable to
proceedings under workmen's compensation act, deputy com-
missioner may not decide issue injected on his own motion,
and in support of which he takes part in procuring evidence.

5. Same—Proper Petition Jurisdictional.

Proper petition for award under workmen's compensation act
is jurisdictional.

6. Same—Judgment—Order Unappealed from Ended Jurisdiction.

Where only petition filed for award under workmen's compensa-
tion act was denied and no appeal taken, jurisdiction was
ended, and therefore award on another issue, injected by
deputy commissioner, may not be upheld,

7. APPEAL AND ERROR—EXPURGATION OF BRIEF.

Motion to strike impertinent statements and unfounded accusations made in brief of counsel, where unopposed, is granted, with costs.

Appeal from Department of Labor and Industry. Submitted June 7, 1932. (Docket No. 21, Calendar No. 36,332.) Decided October 3, 1932.

Wilbur Deadwyler presented his claim against Consolidated Paper Company for an accidental injury sustained while in defendant's employ. On petition for further compensation, petition was denied, but award was granted on issue injected by deputy commissioner. Defendant appeals. Reversed.

*Robert J. Willis,* for plaintiff.

*Golden, Nadeau & Fallon,* for defendant.

WIEST, J. On January 9, 1930, plaintiff, while in the employ of defendant, received an injury to his left hand. He received compensation for a few weeks and then returned to his former employment and wage. May 12, 1930, he met with another accident, which fractured ribs. Report of this accident was filed June 16, 1930. Compensation was agreed upon, approved, paid, and final receipt, signed by plaintiff, was filed July 3, 1930. No approval of the receipt appears. December 15, 1930, plaintiff filed an application for further compensation for the injury to his hand. January 27, 1931, this petition was denied, and no appeal taken. March 3, 1931, plaintiff filed another petition for further compensation for injury to his hand and stated therein:

"Your petitioner therefore prays that your honorable commission set this petition for hearing before a commissioner or deputy commissioner so

that your petitioner may present proof in support of his claim and that he be granted such relief as he is entitled to under the workmen's compensation law of Michigan (2 Comp. Laws 1929, § 8407 *et seq.*)."

Further compensation for the injury to the hand was again denied, but, without any petition therefor or issue joined thereon, compensation was awarded on account of the injuries to his ribs on May 12th. Upon appeal by defendant, this award of compensation was affirmed, and, without appeal by plaintiff, the denial of compensation for the hand declared a nullity. Defendant prosecutes review.

It was found by the deputy commissioner, and affirmed by the board, that the injury to plaintiff's ribs induced a flare up of dormant tuberculosis.

The deputy commissioner denied an award upon the only issue presented by plaintiff's petition. The award made on account of the injury of May 12th was upon an issue raised by the commissioner, without any amendment to the petition, and was supported, if at all, by medical witnesses selected by the commissioner and present, without pay, at his request.

Upon appeal from the award of compensation under such injected issue, the commission not only sustained the award, but held that denial of an award, under the only petition filed by the plaintiff, was a nullity. Such denial of the petition before the deputy commissioner was not a nullity but an adjudication upon the sole issue presented by plaintiff, and the holding of the deputy was not before the commission for review by appeal of plaintiff or defendant. The declaration by the commission that the order denying compensation for injury to the hand was a nullity was itself a nullity.

But it is said that defendant did not counter the petition, as filed by plaintiff, by formal denial, and

this permitted enlargement of the issue. If the issue was to be enlarged, an amendment to the petition, at least, was required with notice to defendant and opportunity to make denial thereof. There is no merit in such claim, because no award was made upon plaintiff's petition as filed, and at no time was the petition amended to include the claim upon which the award of compensation was made, and, of course, there could be no formal denial without a formal allegation of liability.

Defendant was entitled to a hearing, after notice of a petition made by plaintiff, and was not required to submit to an issue volunteered by the deputy commissioner, and was in any event entitled to a determination of issues of fact, in the first instance, by an official not engaged in procuring evidence to be submitted to himself.

While strict rules of court procedure may not be applicable to proceedings under the workmen's compensation law, no deputy commissioner may decide an issue injected on his own motion, and in support of which he takes part in procuring evidence.

A proper petition is jurisdictional, and, under the petition filed by plaintiff, no such award as made can be upheld. The only petition filed was denied, and plaintiff prosecuted no appeal. Such denial ended jurisdiction.

Impertinent statements and unfounded accusations are made in the brief of counsel for plaintiff, and defendant moves that such matters be struck out. The motion is unopposed and is granted, with costs of the motion to defendant. The brief, with such expurgation, may remain on file.

The award is vacated, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.