## SKOWYRA v. FORD MOTOR CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—BELATED REVIEW—NOTICE—HEARING.

   A delayed appeal for review of finding of deputy commissioner of department of labor and industry under 2 Comp. Laws 1929, § 8447, if allowed, must rest upon sufficient cause, which contemplates right of contesting party to notice and hearing.

2. SAME—INTERVENING FINAL ORDER—RES JUDICATA.

   Order of department of labor and industry granting belated review of finding of deputy commissioner, entered after intervening order denying compensation and making finding of former adjudication on same issue had become final by reason of no review, is vacated (2 Comp. Laws 1929, § 8447).

Appeal from Department of Labor and Industry. Submitted January 3, 1934. (Docket No. 6, Calendar No. 37,417.) Decided March 6, 1934.

Antony Skowyra presented his claim against Ford Motor Company, a Delaware corporation, for an alleged accidental injury sustained while in defendant's employ. From order granting extension of time to appeal, defendant appeals. Reversed.

*Daniel P. O'Brien (Shields, Silsbee, Ballard & Jennings,* of counsel), for plaintiff.

*E. C. Starkey (Samuel H. Rhoads,* of counsel), for defendant.

WIEST, J. March 5, 1932, plaintiff petitioned the department of labor and industry to award him compensation for injuries, alleged to have been occasioned his eyes on August 12, 1926, while in defendant's employ. Hearing thereon was had before a deputy commissioner and a finding made, on April 25, 1932, that plaintiff was not entitled to recover compensation and that "there was no proof that the alleged loss of vision was due to the accident of August 12, 1926." No appeal was taken. May 25, 1933, plaintiff again filed a petition for compensation for the same alleged injury. A hearing thereon was had before another deputy commissioner who, on July 11, 1933, found that plaintiff was not entitled to compensation and further, that the finding of April 25, 1932, was *res judicata.* No appeal was taken. July 13, 1933, plaintiff petitioned the department to extend the time in which to prosecute review of the finding of April 25, 1932. Without notice to defendant the department, on July 26, 1933, granted plaintiff 10 days from that date within which to file a claim for review of the finding of April 25, 1932. Defendant, by appeal in the nature of certiorari, reviews the order allowing the delayed review.

The statute, 2 Comp. Laws 1929, § 8447, makes the finding of the deputy that of the department, unless claim for review is filed within 10 days, but grants power to the department, upon a showing of sufficient cause, to grant further time in which to claim review.

Defendant contends that it was entitled to notice of the application for extending the time for review, and to be heard in opposition thereto by way of counter-showing.

Rule No. 20 of the department appears to be applicable, is based on common fairness and the fundamental principle excluding *ex parte* applications in contested cases.

A delayed appeal for review, if allowed, must rest upon sufficient cause shown. This contemplates right of contesting parties to be heard.

At both hearings before deputy commissioners plaintiff had an attorney. The order, allowing delayed review of the first denial of compensation, treated the second hearing and denial as of no moment, because in the nature of a mistake of remedy. It was something more than that, issue was framed and former adjudication pleaded, compensation was denied and former adjudication found.

In an opinion the commission expressed the view that the second petition was inadvisedly filed and, therefore, did not prevent allowance of review of the former adjudication, even after such had become final and by reason of no review stood as action of the board.

The order granting the belated review is vacated, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.