GLAVIN v. MICHIGAN STATE HIGHWAY DEPT.

1. Master and Servant—Dependency of Children.

Under the workmen's compensation act children under 16 years of age are conclusively presumed to be dependents, over that age the question of dependency is one of fact (2 Comp. Laws 1929, § 8422 [c]).

2. Same—Appeal and Error.

Record *held,* insufficient to indicate that question of fact as to dependency of one of deceased employee's children over 16 years of age at time of his death was raised in proceedings before department on petition to reduce compensation by discontinuance of the award as to such child, hence decision that such child was not dependent at time of employee's death was error (Act No. 376, pt. 2, § 6 [c], Pub. Acts 1927).

3. Same—Hearings—Compensation Agreement.

Hearings by department of labor and industry on agreements for compensation are necessary only when the parties fail to reach an agreement but it may order a hearing if not satisfied with the agreement (2 Comp. Laws 1929, §§ 8444, 8445).

4. Same—Finding of Department—Record.

Finding of department of labor and industry that commissioners violated their duties merely because files failed to show record of action specifically taken by the department on an agreement for compensation *held,* not justified.

5. Officers—Presumptions—Evidence.

Rebuttal of presumption that public officers perform their official duties must be founded upon evidence directed to the particular matter in controversy and introduced in the cause so the parties may review ruling relative thereto.

6. Master and Servant—Approval of Agreement as to Compensation.

Approval of an agreement for compensation has the force of an award where record shows it was such an agreement as could be approved and was lawfully approved by the department of labor and industry.

7. SAME—COMPENSATION TO DEPENDENTS.

Under workmen's compensation act after dependent child, to whom compensation has been paid, reaches majority, his or her share of compensation is not payable to other dependents as in the case of remarriage of wife (Act No. 376, pt. 2, § 6, Pub. Acts 1927).

Appeal from Department of Labor and Industry. Submitted June 12, 1934. (Docket No. 99, Calendar No. 37,825.) Decided December 11, 1934.

Margaret L. Glavin, Marguaretta M. Glavin and William P. Glavin presented their claims for compensation against Michigan State Highway Department, employer, and State Accident Fund, insurer, for accidental injuries causing death of William P. Glavin, husband and father. On petition to stop compensation. Petition denied. Defendants appeal. Reversed, and remanded for entry of modified award.

*Gore, Harvey & Fisher,* for plaintiffs.

*Roy Andrus,* for defendants.

FEAD, J. In August, 1929, William P. Glavin was killed while in the employ of defendant Michigan State highway department. An agreement for compensation of $18 per week was entered into, naming as his dependents Margaret, his widow, William, his 15-year old son, and Marguaretta, his 17-year old daughter. The official approval of the agreement was evidenced by a letter from the department of labor and industry, by its secretary, to the defendant State accident fund:

"The agreement in regard to compensation in the above case has been passed upon by the department of labor and industry and approved."

Under the statute (2 Comp. Laws 1929, § 8422), children under 16 years of age were conclusively presumed to be dependents, but as to those over 16 years of age the question of dependency was one of fact.

Compensation was paid under the agreement to the dependents equally until March 23, 1933, when Marguaretta reached the age of 21 years. Defendants petitioned for reduction of compensation by discontinuance of the award to Marguaretta. 2 Comp. Laws 1929, § 8422.

The department found that Marguaretta was not a dependent at and after her majority. It awarded the full original sum to the remaining dependents.

The department based its award upon the findings (a) that Marguaretta was not a dependent at her father's death, and (b) that approval of the agreement for compensation was the ministerial act of the clerk (secretary) of the department and was not the act of the department itself after a hearing. It set aside the agreement for compensation and made the award in disregard of it. However, it did not require defendants to pay to the widow and son moneys paid to the daughter wrongfully under its decision.

The record does not indicate that the dependency of Marguaretta at her father's death was raised by pleadings, parties, deputy commissioner or the commission at any hearing; nor that the parties were advised it was under consideration by the commission. The department erred in basing a decision upon a finding of fact not put in issue, without issue being framed thereon, and without notice to the parties and chance to present proofs and be heard. See *Van Sweden* v. *Van Sweden*, 250 Mich. 238; *Neal* v. *Stuart Foundry Co.*, 250 Mich. 46; *Skowyra* v. *Ford Motor Co.*, 266 Mich. 255.

The agreement for compensation was not attacked by either party. The record contains no testimony that it was not approved by the department in the manner provided by law. It conformed to the statute if Marguaretta Glavin was a dependent. Whether she was such dependent was a matter of fact. The statute (2 Comp. Laws 1929, § 8444) does not require a hearing on agreements for compensation. It is only when the parties fail to reach an agreement that a hearing is necessary (2 Comp. Laws 1929, § 8445). The department may accept the written agreement of the parties of the fact that a person is a dependent, as it accepts other concessions at its hearings, especially when no party complains of it. It has the power to order hearing if it is not satisfied with the agreement.

The fact that the files may fail to show record of action specifically taken by the department on the agreement does not justify a finding that the commissioners violated their duties. It is presumed that public officers perform their official duties. Rebuttal of the presumption must be founded upon evidence directed to the particular agreement and introduced in the cause so that the parties may review the ruling.

We do not determine whether the department (present personnel) has jurisdiction in any case to set aside orders of the department (former personnel) officially authenticated by the secretary and after the parties have acted upon them. We will cross that bridge when we come to it and the facts are before us.

According to the record, the agreement for compensation was lawfully approved by the department and, as it was such an agreement as could be approved, the approval has the force of an award. The case, therefore, must be determined without refer-

ence to the findings of the department except that Marguaretta Glavin was not a dependent at and after her majority.

When the accident occurred, the applicable law was Act No. 376, Pub. Acts 1927, part 2, § 6.

"(c) Upon the remarriage of a dependent wife receiving compensation as such, compensation payments to such wife shall cease, and such compensation, if any, shall be payable to the person or persons either wholly or partially dependent upon deceased for support at his death as provided in clause (c) of this section: *And provided further,* That the payment of compensation to any dependent child shall cease when the child reaches the age of twenty-one years, if at the age of twenty-one years he is neither physically nor mentally incapacitated from earning."

Plaintiffs claim the construction of this section should be in accord with Act No. 113, Pub. Acts 1929, part 2, § 6, subd. c (2 Comp. Laws 1929, § 8422, subd. c), which later added the following:

"And such remaining compensation, if any, shall be payable to the person or persons either wholly or partially dependent upon the deceased for support at the time of his death, as provided in clause (c) in the case of the remarriage of a dependent wife."

The fact that in Act No. 376, § 6 (c), Pub. Acts 1927, the legislature expressly provided for payment of a wife's compensation to dependents after her marriage and failed to make such provision in case of a dependent child reaching majority forbids the construction claimed by plaintiffs. The act of 1929 was enacted because the act of 1927 was clear in prohibiting devolution of a dependent's compensation on others after his majority.

The compensation paid to Marguaretta Glavin ceased at her majority and is not payable to the other dependents.

Award reversed and cause remanded for entry of award in accordance with the petition of defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.