DEZOMITS *v.* CONSOLIDATED PAPER CO.

1. Workmen's Compensation—Petition to Stop—Payment of Compensation.
   Petition to stop payment of workmen's compensation for injury occurring in 1940 was properly denied where compensation had not been paid to within 15 days of the filing of the petition in 1945 (Department of Labor and Industry Rule No. 8 [a]).

2. Same—Total Disability.
   A finding that an injured employee was entitled to total disability compensation as of a given date is tantamount to a finding that he was totally disabled on that date.

3. Same—Issues Presented.
   Neither a deputy commissioner nor the department of labor and industry may decide an issue between parties to a proceeding to recover workmen's compensation, which is injected on their own motion.

4. Same—Finding of Department—Erroneous Date.
   Where department of labor and industry had made determination that total disability was payable from November 10, 1940, compensation was paid thereunder until February 10, 1945, employer filed petition on May 18, 1945, to stop or reduce compensation on ground of full or partial recovery and department made an award of total disability compensation from February 11, 1945, the date of February 11, 1945, is ordered deleted and date of the original award substituted, since the later award, being tantamount to finding of total disability as of such later date, decided an issue not before the department.

5. Costs—Briefs.
   No costs are awarded on appeal from order of department of labor and industry upon affirmance of the award where appellee filed no briefs.

Appeal from Department of Labor and Industry. Submitted April 5, 1946. (Docket No. 62, Calendar No. 43,315.) Decided September 11, 1946.

Petition by defendant Consolidated Paper Company, employer, to stop payments of compensation to Frank Dezomits for injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Award vacated and remanded for entry of corrected award for plaintiff.

*William H. Fallon,* for defendant.

BUSHNELL, J. On August 2, 1940, plaintiff Frank Dezomits sustained an accidental injury arising out of and in the course of his employment by defendant Consolidated Paper Company. An award of compensation of $18 per week from November 10, 1940, until further order of the department, was entered on December 18, 1941. Dezomits received compensation until February 10, 1945, and since that date no payments have been made to him. On May 18, 1945, defendant filed a petition to stop or reduce compensation on the grounds that Dezomits had made a full or partial recovery and was receiving wages in excess of those which he was paid at the time of his injury.

The deputy commissioner denied defendant's petition to stop because Dezomits had not been paid or tendered compensation "to within 15 days of the time" of filing the petition. The award entered by the deputy commissioner on October 12, 1945, however, included the statement that plaintiff was entitled to receive compensation in the sum of $18 per week for "total disability" from the 11th day of February, 1945.

Both the deputy commissioner and the department were correct in denying the petition because of the language of Rule No. 8 (a) of the department of labor and industry, effective February 1, 1945, which reads:

"Whenever payment of compensation is made pursuant to an award of a deputy member or an order of the compensation commission, payments may not be stopped or diminished except by award of a deputy member or order of the commission. No proceedings shall be commenced to stop or reduce compensation payments unless the compensation provided in the award or order is paid or tendered to within 15 days of the time such proceeding is commenced."

However, they were in error in redetermining the date from which total disability compensation should be paid. This was tantamount to a finding that Dezomits was totally disabled on that date. Such finding would be *res judicata* of his physical condition as of February 11, 1945, when that issue was not considered. *Markey* v. *S. S. Peter & Paul's Parish,* 281 Mich. 292, 301. Both parties are entitled to a hearing on the question of Dezomits' present physical condition, and neither the deputy commissioner nor the department may decide an issue which was injected on their own motions. *Deadwyler* v. *Consolidated Paper Co.,* 260 Mich. 130. See, also, *Hayward* v. *Kalamazoo Stove Co.,* 290 Mich. 610.

The award should be corrected to conform to the conclusion of the department, in the light of the sole issue considered by it. The date of February 11, 1945, should be deleted and that of the original award, viz., November 10, 1940, substituted.

The award of December 6, 1945, is vacated and the matter is remanded for the entry of a corrected

award without prejudice to further action within the provisions of the workmen's compensation act. *Glavin* v. *Michigan State Highway Department,* 269 Mich. 672. Plaintiff not having filed a brief, no costs are allowed.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, and NORTH, JJ., concurred. STARR, J., took no part in the decision of this case.