## HEYMAN *v.* VOLKMAN.

1. WORKMEN'S COMPENSATION—RELATION BETWEEN LOGGING CONTRACTOR AND SAWMILL OPERATOR—FINDING OF FACT.

   In proceeding to recover workmen's compensation for total disability from injury received while working for defendant contractor, not subject to the workmen's compensation act, who sold cut timber to defendant sawmill operator who was subject to the act, finding of fact by workmen's compensation commission that the contractor was engaged in execution of work undertaken by the sawmill operator as principal *held,* supported by some competent evidence, hence conclusive and binding upon Supreme Court in absence of fraud (CL 1948, § 413.-12).

2. SAME—LOGS AND LOGGING—FINDING OF FACT.

   Finding of deputy commissioner that plaintiff was a semiskilled laborer, when totally disabled while engaged in logging operations, which finding was included in award affirmed by the workmen's compensation commission but not raised by the

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation, § 139.
[2] 58 Am Jur, Workmen's Compensation, §§ 427, 433, 460, 462.

pleadings, parties, deputy commissioner or commission at any hearing and which matter is immaterial for duration of plaintiff's total disability, was a finding which should not have been made.

3. SAME—COSTS—APPEAL—FAILURE OF EITHER PARTY TO PREVAIL IN FULL.

No costs are allowed on appeal in proceeding to recover workmen's compensation, where neither party has prevailed in full.

Appeal from Workmen's Compensation Commission. Submitted October 12, 1949. (Docket No. 65, Calendar No. 44,377.) Decided December 7, 1949.

Louis Heyman presented his claim for compensation against Charles Volkman and Aubrey Powell, doing business as A. H. Powell Lumber Company, and its insurer. Award to plaintiff. Defendants Powell and State Accident Fund appeal. Modified and affirmed.

*Eugene R. Zinn,* for plaintiff.

*Harry F. Briggs,* for defendants Powell and State Accident Fund.

DETHMERS, J. Plaintiff became totally disabled by reason of a personal injury which arose out of and in the course of his employment by defendant Volkman. The deputy commissioner found that Volkman had failed to comply with section 1, part 4, of the workmen's compensation act,* but that he was, at the time of plaintiff's injury, engaged as a contractor, with defendant Powell, who was subject to the act, being the principal, and that plaintiff was injured while employed by Volkman in the execution of work undertaken by Powell as principal. The deputy commissioner, accordingly, held defendant

---

* CL 1948, § 414.1 (Stat Ann 1947 Cum Supp § 17.195).—REPORTER.

Powell liable under section 10(a) of part 1 of the act.* The workmen's compensation commission affirmed the award. Defendant Powell and his insurer appeal.

Powell is a sawmill operator; Volkman is a logging contractor. Powell testified that in order to insure an adequate supply of timber for the operation of his sawmill he bought stumpage and then sold it, by bill of sale, to Volkman, with the expectation that the latter would sell much of the timber removed therefrom to Powell for his sawmill. Plaintiff was injured while felling timber on such stumpage for Volkman. Powell contends that the relationship between him and Volkman became that of buyer and seller of logs rather than that of principal and contractor, that plaintiff was not employed in the execution of work undertaken by Powell and that, for that reason, the provisions of section 10(a), part 1, of the act do not apply to this case and that Powell is not liable to plaintiff for compensation benefits.

The commission took note of testimony to the effect that Powell bought the stumpage in question and built roads and paid taxes on the land; that the bill of sale from Powell to Volkman was not executed until a month after Volkman started cutting timber on the land in question and that it was never recorded; that Powell paid Volkman less for timber delivered from said stumpage to Powell's sawmill than was paid to owners of like timber who sold it at the sawmill; that Powell guaranteed Volkman's creditors; that Volkman delivered some timber from the stumpage in question to another sawmill and that payment therefor was made to Powell; that Powell admitted that he received all the money from

* CL 1948, § 411.10 (Stat Ann 1947 Cum Supp § 17.150).—RE-PORTER.

any transactions involving the particular 40 acres of land on which the plaintiff was injured; that Volkman had no money to buy stumpage and that he had insufficient funds to carry on logging operations without assistance from Powell. From all this the commission concluded that there had been no bona fide sale of the stumpage by Powell to Volkman, that, in fact, Powell was still the owner of the stumpage and timber at the time it was being logged by Volkman, that the latter was cutting it for Powell, that the payment of so much per cord made by Powell to Volkman was for the latter's services and not for the purchase of timber, and that, hence, Volkman was a contractor engaged in the execution of work undertaken by Powell as principal.

The commission's finding in this regard was one of fact. It is supported by some competent evidence, as above outlined, and is, therefore, in the absence of any showing of fraud, conclusive and binding upon this Court.*

The deputy commissioner made a finding that the plaintiff was engaged in semiskilled labor when injured. The commission made no finding on this point but affirmed the award. The question was not raised by the pleadings, parties, deputy commissioner or the commission at any hearing. The parties were without notice that it was to be considered or determined and there was no apparent attempt to submit proofs concerning it. Under such circumstances, no finding as to whether plaintiff was engaged in common, semiskilled or skilled labor should have been made. *Glavin* v. *Michigan State Highway Department,* 269 Mich 672. So long as plaintiff is totally disabled it makes no difference. If he later becomes able to do work, other than work of the kind in which he was engaged when injured, it may be-

---

* See CL 1948, § 413.12 (Stat Ann 1947 Cum Supp § 17.186).—Reporter.

come material, and it will be time enough then to determine the question.

The cause is remanded for modification of the award in conformity herewith and, so modified, it is affirmed. No costs, neither party having prevailed in full.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.