KARVONEN v. STANKOVICH.

1. WORKMEN'S COMPENSATION—PAPER MANUFACTURER—CONTRACTOR.
   Paper company which was engaged in the manufacture of paper from pulpwood was liable for workmen's compensation to injured employee of its contractor for procuring pulpwood, where the company, but not the contractor, was subject to the workmen's compensation act, since the procurement of the pulpwood may fairly be said to be a part of the paper company's business under record showing the contractor was paid for the wood at specified price per cord but that the company paid stumpage price to the owner of the land from which the wood was taken and deducted such stumpage payment from payments made to the contractor (CLS 1956, §§ 411.10, 414.1).

2. SAME—APPEAL AND ERROR—APPENDIX.
   Testimony taken at hearing before referee of department of labor in proceeding to recover workmen's compensation before appellant paper company was made a defendant was improperly included in appendix, is deemed stricken and not considered in determining appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 139.
[2] 58 Am Jur, Workmen's Compensation § 531.

Appeal from Workmen's Compensation Appeal Board. Submitted June 3, 1959. (Docket No. 21, Calendar No. 47,953.) Decided July 13, 1959.

Otto J. Karvonen presented his claim against John Stankovich, employer, and the Munising Paper Company, as a principal party contracting with employer, for compensation following injury. Award to plaintiff. Defendant Munising Paper Company appeals. Affirmed.

*L. E. Garvin,* for plaintiff.

*Davidson & Clancey (Walter L. Hansen,* of counsel), for defendant Munising Paper Company.

CARR, J. During the summer of 1954 plaintiff was employed by defendant John Stankovich to haul pulpwood to the place of business of the other defendant. On September 23d of said year plaintiff fell from a load of wood and was injured. On December 9th following he filed application under the workmen's compensation act,* liability being asserted on the part of Stankovich. Following the taking of proofs, a new or amended application was filed on March 24, 1955, designating Stankovich and the Munising Paper Company as defendants. On the hearing liability was asserted against the latter defendant under the provisions of part 1, § 10, of said act (CLS 1956, § 411.10 [Stat Ann 1957 Cum Supp § 17.150]). Said section, insofar as pertinent to the present controversy, reads as follows:

"(a) Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.,* as amended [Stat Ann 1950 Rev § 17.141 *et seq.,* as amended]).

this section referred to as the contractor), who is not subject to this act or who has not complied with the provisions of section 1 of part 4 and who does not become subject to this act or comply with the provisions of section 1 of part 4 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed: Provided, That the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract."

The referee before whom the matter was heard entered an award against the Munising Paper Company, the appeal board affirmed, and on leave granted said defendant has appealed to this Court, claiming that under the facts established by the record it was not liable. It is insisted that the evidence does not support the award.

The Munising Paper Company, herein referred to as the defendant, was engaged in 1954 in the manufacture of paper from pulpwood. Under date of June 7, 1954, it entered into a written agreement with Stankovich whereby the latter in terms sold and agreed to deliver, prior to October 31st following, certain quantities of spruce and balsam pulpwood at specified prices per cord. The agreement

further set forth that the paper company should employ a scaler to measure the pulpwood and that the finding of such employee should conclusively bind the parties. It was further agreed that defendant should have the right to suspend or otherwise regulate deliveries in the event of congestion at the receiving mill. Attached to the contract were specifications relating to the size and character of the pulpwood to be delivered and the transportation thereof.

Presumably for the purpose of enabling him to carry out his agreement with defendant, Stankovich obtained from the Cleveland-Cliffs Iron Company a permit or license to cut spruce and balsam timber "suitable for pulpwood meeting the specifications of the Munising Paper Company" from certain described lands in Alger county. The permit specified that it was granted upon the representation by Stankovich that he had a contract with defendant for the sale and delivery of pulpwood covered by the permit. Provision was made for payment at specified rates for timber removed, and for termination of the permit under certain circumstances.

It may be noted that the agreement for the cutting of the pulpwood stated that if defendant, during the life of the permit, increased the prices paid for pulpwood the stumpage prices stipulated should be increased by an amount equal to 1/2 of defendant's added prices. The permit, which did not in terms transfer title to the pulpwood to Stankovich, contained the following significant provision:

"Licensee agrees to pay licensor for all timber removed from said land hereunder at the following rates: $9.50 per cord for all spruce pulpwood and $5.50 per cord for all balsam pulpwood, and hereby assigns to licensor and authorizes the Munising Paper Company to deduct the sum of $9.50 per cord

for all spruce pulpwood and $5.50 per cord for all balsam pulpwood from moneys payable to licensee for such delivery of pulpwood and to pay the sums so deducted to licensor in payment of the consideration of this permit. Such deduction to be made for each 50-inch cord (133-1/3 cubic feet) and to be based on the scale thereof made by said the Munising Paper Company."

Attached to the permit was the written undertaking of defendant to make payments to the Cleveland-Cliffs Iron Company as specified in the language above quoted, such payments to be made on the 20th day of each month for all pulpwood delivered by Stankovich during the preceding calendar month. Defendant also confirmed the statement that it had entered into contract with Stankovich for the purchase and delivery of the spruce and balsam, and agreed to furnish to the licensor duplicate scale reports for all deliveries received under the contract therefor.

It is conceded that Stankovich had not complied with the provisions of part 4, § 1, of the workmen's compensation act (CLS 1956, § 414.1 [Stat Ann 1957 Cum Supp, § 17.195]). In consequence, defendant paper company was properly held liable for compensation to plaintiff if it contracted with Stankovich for the performance of any part of the work undertaken by it. The referee and the appeal board concluded that the arrangement made between the parties for the furnishing of pulpwood to defendant was of such nature as to subject the latter to the provisions of part 1, § 10. That the conduct of defendant's business involved the procuring of pulpwood suitable for the manufacture of paper is obvious. The question at issue is whether in connection with its operations it engaged Stankovich to perform a function constituting a part thereof.

This Court has in prior cases had occasion to consider the interpretation and application of section 10, above quoted in part. In *Burt* v. *Munising Woodenware Co.*, 222 Mich 699, the defendant, which was engaged in the manufacture of certain utensils and veneers, contracted with a partnership for the repair of a boiler in its factory. It was held that the work to be performed was a part of the business of the defendant, and that under the language of the statute it was liable for the payment of compensation to the plaintiff. The award was accordingly affirmed.

In many respects the situation in the instant case is analogous to that in *Heyman* v. *Volkman*, 326 Mich 179. In that case defendant Powell was engaged in carrying on business as a sawmill operator. Defendant Volkman was a logging contractor. Powell bought stumpage to which he executed a bill of sale to Volkman, with the apparent understanding that the timber cut and removed would be delivered to Powell for use in his operations. The plaintiff, while working for Volkman in cutting timber on such stumpage, was injured. An award of compensation was made to plaintiff against defendant Powell on the ground that the facts brought the situation within the purview of part 1, § 10, of the workmen's compensation act. This Court concluded that there was competent evidence to support the finding of the commission in favor of plaintiff and affirmed the award. CL 1948, § 413.12 (Stat Ann 1950 Rev § 17.186). In *Roman* v. *Delta Broadcasting Company*, 334 Mich 669, the Court, citing prior decisions, indicated the test to be applied in determining the application of part 1, § 10.

The proofs in the instant case, taken before the referee, indicate that defendant paper company in carrying on its manufacturing business was faced

with the problem of procuring pulpwood to be manufactured into paper in its mills. Accordingly it arranged with Stankovich to deliver to it the spruce and balsam cut by the latter on the land of the Cleveland-Cliffs Iron Company pursuant to license or permit. It undertook to make payments therefor directly to Cleveland-Cliffs. Such was the agreement between the latter company and Stankovich. In effect we have a 3-party arrangement with Stankovich cutting the pulpwood, hauling it to the mills of defendant, and receiving pay for his services. The permit or license did not undertake to transfer title to him. The proofs support the conclusion that he was, under contract, performing a part of the work undertaken by defendant in connection with its manufacture of paper. As in *Heyman* v. *Volkman, supra,* there was testimony to support the factual findings of the appeal board.

Prior to the joinder of the Munising Paper Company as a party defendant in the proceeding testimony had been taken before the referee. On this appeal counsel for plaintiff has included part of such testimony in the appendix filed by him. Counsel for appellant have moved to strike such testimony on the ground that not having been a party to the proceeding when it was taken it was not competent as against it, and should not have been included in the appendix filed by counsel. The objection is a proper one, and the testimony in question will be deemed stricken in accordance with the motion. It has not been considered in determining this appeal, nor does it appear that the finding of the referee or of the appeal board was influenced thereby. As a practical proposition it adds nothing of moment to the proofs offered with reference to the liability of appellant. We do not, however, approve the practice of including in an appendix testi-

mony taken under circumstances of the character here involved.

For the reasons hereinbefore stated, the award is affirmed, with costs to plaintiff.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

VOELKER, J., did not sit.