LANE v. JONES.

1. WORKMEN'S COMPENSATION — INFERENCES FROM ESTABLISHED FACTS.

A claimant for workmen's compensation must fail, where two inferences equally consistent with the facts arise out of established facts, one involving liability on the part of the employer under the act and the other relieving him from liability.

2. SAME—FINDING OF THE WORKMEN'S COMPENSATION APPEAL BOARD —EVIDENCE—CONTRACTS.

Finding of workmen's compensation appeal board that defendant lumber company did not contract with defendant employer of plaintiff's decedent for the execution of part of the work undertaken by it, and therefore defendant lumber company was not liable to plaintiff on account of the death of her decedent on ground that it was the principal employer of the employee of an independent contractor under the act, *held*, supported by record (CLS 1961, § 411.10; CL 1948, § 413.12).

3. SAME—COSTS—DEATH.

No costs are awarded on widow's appeal from denial of workmen's compensation for death of her husband.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 October 4, 1966, at Lansing. (Docket No. 1,247.) Decided January 10, 1967. Leave to appeal denied by Supreme Court March 21, 1967. See 379 Mich 756.

Mary Elizabeth Lane presented a claim against Herb Jones, L. L. Johnson Lumber Manufacturing

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Workmen's Compensation § 450 *et seq.*
[2]  58 Am Jur, Workmen's Compensation § 57, § 462 *et seq.*
[3]  58 Am Jur, Workmen's Compensation § 543.

Company, a Michigan copartnership, and Lumbermen's Mutual Casualty Company, an Illinois corporation, for benefits under the workmen's compensation act for the death of her husband, Forest Lane. Her claim was granted by the referee, and the award was reversed by the workmen's compensation appeal board. Plaintiff appeals. Affirmed.

*Rapaport, Siegrist & Miatech* (*Joseph F. Sablich*, of counsel), for plaintiff.

*Alexander, Buchanan & Conklin* (*John P. Ottaway, Jr.* of counsel), for defendant L. L. Johnson Lumber Manufacturing Company and Lumbermen's Mutual Casualty Company.

N. J. KAUFMAN, J. Forest Lane was killed on December 24, 1962, while cutting timber on a farm near Charlotte, Michigan. His widow, Mary Elizabeth Lane, the appellant, originally filed an application for hearing and adjustment of claim on January 24, 1963, against appellees Herb Jones and L. L. Johnson Lumber Manufacturing Company. Appellees filed their defense properly, and appellee Johnson Lumber was joined in its defense by its insurance company, Lumbermen's Mutual Casualty Company.

The hearing referee granted the appellant the relief prayed for on August 7, 1963. Appellees in turn filed an application for review of claim before the appeal board. The appeal board unanimously reversed the referee and denied appellant relief. It is from the ruling of the appeal board that this matter is before this Court.

In the fall of 1962, a man named Roy Jones (no relation to Herb Jones) acquired timber rights on a farm near Charlotte, Michigan. These timber rights were later transferred to defendant Herb

Jones. The transfer was made in the offices of defendant Johnson Lumber and consisted of defendant Herb Jones paying to Roy Jones the sum of $100 and assuming a note of $1,200 owed by Roy Jones to defendant Johnson Lumber. No note was signed, no mortgage was given, and no interest was charged.

Appellee Jones, in his petition, claims that the deceased was an independent contractor, due to the fact that he used his own equipment and at times hired a helper. The appeal board found from the testimony that the deceased, Forest Lane, was not an independent contractor but an employee of Herb Jones. Both the hearing referee and the appeal board in their decisions found that Herb Jones was not an employer subject to the workmen's compensation act, and there is no contention by any of the party litigants that he was.

Appellant's appeal from the finding of the appeal board is based on (1) a question of fact and (2) a question of law, contending that under CLS 1961, § 411.10 (Stat Ann 1960 Rev § 17.150)[1] L. L. Johnson Lumber Manufacturing Company and Lumber-

[1] "Sec. 10(a). Where any employer subject to the provisions of this act (in this section referred to as the principal), contracts with any other person (in this section referred to as the contractor), who is not subject to this act or who has not complied with the provisions of section 1 of part 4 and who does not become subject to this act or comply with the provisions of section 1 of part 4 prior to the date of the injury or death for which claim is made for the execution by or under the contractor of the whole or any part of any work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed: Provided, That the term 'contractor' shall be deemed to include subcontractors in all cases where the principal gives permission that the work or any part thereof be performed under subcontract."

men's Mutual Casualty Company should pay appellant workmen's compensation for the death of her husband.

This Court has carefully studied the briefs and records, and while it is the appellant's contention that the facts in this case require a finding as a matter of law that the L. L. Johnson Lumber Manufacturing Company contracted with Herb Jones for the execution of part of the work undertaken by it, this Court cannot do so unless the facts are as appellant claims or unless there is a stipulation of facts. In the case before us we have neither.

The appeal board found the facts to be that Herb Jones did not have a contract to do any part of the work undertaken by Johnson Lumber, in accordance with CLS 1961, § 411.10 (Stat Ann 1960 Rev § 17.150), *supra.*

The board also determined, as a matter of fact, that Herb Jones was selling logs extracted from a tract owned by him to a purchaser willing to pay his price. They further found as a matter of fact that he could have sold them to another company, if he had so desired, and that Jones' only commitment to Johnson Lumber was to repay any moneys advanced to him by Johnson Lumber.

Appellant contends that the case before this Court is similar to *Karvonen* v. *Stankovich* (1959), 357 Mich 96, and *Heyman* v. *Volkman* (1949), 326 Mich 179. In the *Karvonen Case,* the Court found as a matter of fact that there was a contract between Stankovich, the contractor, and the Munising Paper Company, the principal, thereby making the principal liable for plaintiff's compensation. In that case the Court stated at p 102:

"The proofs support the conclusion that he was, under contract, performing a part of the work undertaken by defendant in connection with its manufacture of paper."

In *Heyman* v. *Volkman, supra,* there was also testimony which supported the conclusion of a contractual relationship, such as appeared in the *Karvonen Case.*

In the instant case the record indicates that Herb Jones *owned* the lumber, whereas in the *Karvonen Case* Stankovich did not. Testimony was given to the effect that Herb Jones sold veneer lumber to the Webb Veneer Company, in Indiana; also, to the effect that prior to selling lumber to Johnson Lumber, he sold lumber to other companies, and it was only after Johnson Lumber met his price that he sold to them, taking into consideration that he did not have to haul the lumber as far as he would to other customers.

The record does not support appellant's contention that every time Johnson Lumber bought lumber from Herb Jones, they deducted part of the price in payment of their loan. However, the record is clear that if Herb Jones refused to sell lumber to Johnson Lumber, the only relief they would have (if the loan were not repaid) would be to sue defendant Herb Jones for the money owed them.

The hearing referee, in his decision, stated:

"While the relationships between the various parties are subject to various interpretations, it seems abundantly clear that the most reasonable inference to be drawn from the entire situation is that there was a clearly implied understanding between Herb Jones and the Johnson Lumber Mfg. Co. which made the services performed by Herb Jones at least within the independent contractor category, if not within an implied contract of hire, with authority to act as he did for the ultimate benefit of Johnson Lumber Co. No other rational explanation justifies the otherwise almost incredible disbursement of Johnson Lumber Co. funds in the absence of some definitely implied relationship."

If two inferences equally consistent with the facts arise out of established facts, one involving liability on the part of the employer under the act and the other relieving him from liability, the claimant must fail. *Chaudier* v. *Stearns & Culver Lumber Co.* (1919), 206 Mich 433 (5 ALR 1673).

There were ample facts in the case before the bar for the appeal board to draw different inferences than the referee.

In the *Karvonen Case* and the *Heyman Case,* the Court upheld the board's finding on the question of fact by applying CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).[2] We would have to apply that section in this case for the same reasons, even though the benefit is to the alleged employer instead of to the employee.

In *Turner* v. *Consumers Power Company* (1965), 376 Mich 188, the Court stated that where the finding of the appeal board is supported by the record, it would not substitute its judgment of the facts for that of the appeal board.

The findings of the appeal board are supported by the record for the reasons hereinbefore stated. The decision of the appeal board is affirmed. No costs.

Quinn, P. J., and McGregor, J., concurred.

---

[2] "The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive, but the supreme court shall have power to review questions of law involved in any final decision or determination of said compensation commission." The powers and duties of the workmen's compensation commission referred to have been transferred to the workmen's compensation appeal board and the commission abolished. See PA 1955, No 62 (CLS 1961, § 408.1 *et seq.* [Stat Ann 1960 Rev § 17.6(7) *et seq.*]).