COATES v. CONTINENTAL MOTORS CORPORATION.

1. WORKMEN'S COMPENSATION—REVIEW BY SUPREME COURT.
   The scope of review by the Supreme Court of the workmen's compensation appeal board is limited to review of questions of law, as findings of fact by the board, acting within its powers, in the absence of fraud, are conclusive (CL 1948, § 413.12).

2. SAME—FINDINGS OF FACT BY WORKMEN'S COMPENSATION APPEAL BOARD—EVIDENCE.
   A factually supported finding of the workmen's compensation appeal board that defendant employer did have timely notice of plaintiff's disability is binding on the Supreme Court, as the Court does not review findings of fact of the board except to determine whether there is any evidence to support the award (CL 1948, § 413.12).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 58 Am Jur, Workmen's Compensation § 530.
[3] 58 Am Jur, Workmen's Compensation §§ 463, 464.
[5] 58 Am Jur, Workmen's Compensation §§ 380, 413.
[6] 58 Am Jur, Workmen's Compensation §§ 529, 530.

3. SAME—NOTICE PRIOR TO DATE OF DISABLEMENT—TRICHLOROETHY-
LENE FUMES.

Fact that plaintiff employee gave notice of disability caused by
trichloroethylene fumes encountered in employment with de-
fendant on September 25, 1953, was then laid off, rehired on
October 2d for work in a different capacity but was exposed
to dust and paint fumes that were causally related to his injury
and disability resulting in his being laid off March 15, 1956,
supported finding of workmen's compensation appeal board
that he was disabled as of latter date and that defendant had
received timely notice of such disablement (CL 1948, § 417.10).

4. SAME—WORKMEN'S COMPENSATION APPEAL BOARD—FINDINGS OF
FACT—SUPREME COURT.

The workmen's compensation appeal board passes on the credi-
bility of witnesses and draws its inferences from the circum-
stances and facts which it finds established and, while the
Supreme Court may reverse awards for a failure of evidence
to support them, the Court is not the trier of the facts (CL
1948, § 413.12).

5. SAME—REPORT OF DISABLING ILLNESS—STATUTE OF LIMITATIONS.

An employer who has notice of an employee's self-disqualification
for work because of illness due to the employment and fails
to file a report concerning it may not interpose the statute of
limitations against the employee until the report is filed (CLS
1961, § 412.15).

6. SAME—QUESTIONS REVIEWABLE—APPLICATION FOR LEAVE TO AP-
PEAL—MAXIMUM RECOVERY—DUST DISEASE—NOTICE OF CLAIM.

Claim that plaintiff employee who was disabled because of tuber-
culosis and emphysema was restricted by statute to a maximum
recovery of $10,500 is not considered, where the defendant's
application for leave to appeal limited itself to the question of
lack of proper statutory notice of claim; but denial of rehear-
ing is made without prejudice to defendant's right to present
to the workmen's compensation appeal board the applicability
of such statute or to plaintiff's right to insist that the question
of applicability of the statute was foreclosed by the board's
order from which defendant had obtained a limited leave to
appeal (CLS 1961, §§ 412.15, 417.4).

Appeal from Workmen's Compensation Appeal
Board. Submitted May 8, 1964. (Calendar No. 45,
Docket No. 50,349.) Decided September 2, 1964. Re-
hearing denied October 6, 1964, "without prejudice

to defendant's right to present the applicability of CLS 1961, § 417.4 (Stat Ann 1960 Rev § 17.223), to the workmen's compensation appeal board, if defendant be not, for some other reason, barred from so doing and without prejudice to plaintiff's right to insist that the question of applicability of said section 417.4 has been foreclosed by the appeal board's award of February 18, 1963".

Ben F. Coates presented his claim against Continental Motors Corporation for compensation because of disability from inhalation of fumes. Award to plaintiff. Defendant appeals. Affirmed.

*Marcus, McCroskey, Finucan, Libner & Reamon,* for plaintiff.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendant.

SOURIS, J. On March 20, 1958, plaintiff filed with the workmen's compensation department an application for hearing and adjustment of claim. A hearing was held thereon, and from an adverse decision by the hearing referee, plaintiff appealed to the workmen's compensation appeal board, which determined that plaintiff had sustained an injury arising out of and in the course of his employment by defendant on March 15, 1956, and that since then plaintiff had been totally disabled by reason of tuberculosis and emphysema. Defendant, alleging that the board erred in finding that plaintiff had given it timely notice of disablement, appeals, by leave granted, from the board's order requiring defendant, until further order, to pay plaintiff weekly total disability compensation benefits.

Shortly after plaintiff was assigned by defendant to work which involved frequent exposure to the fumes of trichloroethylene, he began experiencing

nausea and severe dizziness which increased upon continued exposure to the fumes. Plaintiff complained of these difficulties to his foreman, who acknowledged that the fumes were "bad" and who had a lid constructed for the trichloroethylene container in an attempt to alleviate the situation. This palliative was ineffective, and on September 25, 1953, plaintiff informed the foreman that he would have to disqualify himself from the work because "these fumes I figured has got me sick and I can't take it." As a result plaintiff was laid off on September 25th but he was rehired on October 2d for work in a different capacity. He continued to work for defendant until March 15, 1956, at which time occurred his final lay-off. Although he was not subjected to trichloroethylene fumes during this latter period of employment, the various jobs at which he worked at times involved exposure to dust and paint fumes,[1] which exposure the board found was "causally related to his injury and disability."

The appeal board found the date of plaintiff's disablement to be March 15, 1956, the last day he was employed by defendant, and found further that the requirement of CL 1948, § 417.10 (Stat Ann 1960 Rev § 17.229), that notice be given an employer "within 120 days after the disablement," was met by plaintiff's informing the foreman on September 25, 1953, that he had to disqualify himself from work because the trichloroethylene fumes were making him so sick he could not continue to work. Defendant argues that exact and literal compliance must be had with the statutory language and that, therefore, to be effective notice must be given after the date of disablement determined by the board.

[1] The only testimony concerning the conditions under which plaintiff worked and his conversations with supervisory personnel came from plaintiff, defendant not having chosen to introduce any witness as to such matters.

Such a conclusion would lead to manifestly ridiculous results, for it would mean that an employee disabled by an occupational disease who gave his employer notice of disablement before he ceased working under the particular conditions which gave rise to the disablement or before he was transferred to favored work involving less deleterious conditions, would be barred from receiving workmen's compensation benefits unless he again gave notice within 120 days after he ceased employment in which there was any exposure to the conditions resulting in his disability. This follows from the fact that the workmen's compensation act requires that the date of disablement in the case of an occupational disease be determined to be "the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability."[2] Were it not for this stultifying requirement, it is probable that the board would have found (as it would have been justified in doing on the basis of this record) that plaintiff was disabled as of September 25, 1953. Thus, after formally finding that plaintiff was disabled as of March 15, 1956, the board noted in discussing the question of notice of disability that:

"[On September 25, 1953] plaintiff told his foreman of his illness and disability and that he thought same were due to his exposure at work. Nothing more is required."

Defendant's reliance upon *Tomasini* v. *Youngstown Mines Corp.*, 366 Mich 503, for the proposition that notice given before the statutorily determined date of disablement is ineffective, is misplaced. In *Tomasini*, as in Coates, plaintiff's date of disablement was determined by the board to be his last day of employment, but Mr. Tomasini, prior to termina-

---

[2] See CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151); CL 1948, § 417.2 (Stat Ann 1960 Rev § 17.221); *Jordon* v. *Michigan Malleable Iron Co.*, 363 Mich 256.

tion of his employment, had not specifically informed‧ his employer that he was unable to continue at assigned work because the conditions under which it had to be performed made him ill.[3]   Indeed, Mr. Justice BLACK expressly recognized that notice of disablement could be given even before the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability when he said:

"Unless plaintiff has proved that defendant had knowledge of disablement, prior to or on the date he voluntarily left its employ, such notice came too late."   366 Mich 503, 505.

Mr. Tomasini had worked as an ore miner (the employment in which he was subjected to the conditions resulting in his disability) until the day he left defendant's employ; in accordance with section 1 of part 2 of the compensation act, *supra* note 2, the date of his disablement would have been his last day of employment.

Since in the instant case the appeal board found that defendant did have timely notice of plaintiff's disablement, and since there is a factual basis for such finding in the record, we are bound by such finding even if we ourselves would have reached a different result on the facts (which is not the case here).   The scope of this Court's review in workmen's compensation cases is limited by CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186):

"The findings of fact made by the compensation commission[4] acting within its powers, shall, in the

---

[3] The majority opinion quotes Mr. Tomasini's testimony that he mentioned his illness to no one, telling his foreman only that he was " 'going to quit.' "

[4] The powers and duties of the workmen's compensation commission here referred to have been transferred to the workmen's compensation appeal board and the commission abolished.   See PA 1955, No 62 (CLS 1961, § 408.1 *et seq.* [Stat Ann 1960 Rev § 17.6(7) *et seq.*]).— REPORTER.

absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said compensation commission."

In *Thornton* v. *Luria-Dumes Co-Venture,* 347 Mich 160, 162, we quoted from *Meyers* v. *Michigan Central R. Co.,* 199 Mich 134, 137, 138:

" 'It may not be necessary to repeat what we have so frequently said that this Court does not review the findings of fact of the board, except to determine whether there is any evidence to support the award. The evidence may not be direct; it may be circumstantial. The board not only passes on the credibility of witnesses, but draws its inferences from the circumstances and the facts which it finds established. We may reverse awards for a failure of evidence to support them, but we are not the triers of the facts. With this view in mind, we approach the consideration of this case.' "

Justice Black, writing for the Court, continued:

"Our jurisdiction, invoked upon issuance and return of certiorari to the workmen's compensation department, is markedly limited. The writ brings us questions of law only. It does not permit scale-weight of evidence and inference here, as on appeals from circuit court judgments, to determine whether administrative findings of fact offend rules governing clear weight and preponderance. Our obligation is to accept, without question, findings that are certified here if there be any evidence whatever to sustain those findings, regardless of thought or suggestion addressed to improbability thereof."

See, also, *Redfern* v. *Sparks-Withington Co.,* 353 Mich 286, 301, and *Carter* v. *General Motors Corp.,* 361 Mich 577, 584.

Defendant also argues that even apart from the notice requirement plaintiff cannot prevail because

his formal claim, filed on March 20, 1958, was not made within 6 months after an injury or within 3 months of a disability which developed subsequent to an injury, citing CLS 1961, § 412.15 (Stat Ann 1960 Rev § 17.165). However, the same statutory section (made applicable to part 7 occupational diseases and disablement by CL 1948, § 417.10 [Stat Ann 1960 Rev § 17.229]) also provides that if an employer who has notice of an injury fails to file a report thereof as required by statute, the statute of limitations shall not run against the employee until such report is filed. Defendant herein admittedly filed no report concerning plaintiff's self-disqualification because of illness and so can claim no protection from the limitational provisions of the cited section. *DeWitt* v. *Grand Rapids Fuel Co.*, 346 Mich 209.

We do not consider defendant's claim that plaintiff's maximum recovery should have been limited to $10,500,[5] defendant having waived any such argument when it stated in its application for leave to appeal that it was limiting itself to the question of lack of proper statutory notice or claim.[6]

Affirmed. Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

---

[5] CLS 1961, § 417.4 (Stat Ann 1960 Rev § 17.223).

[6] In the antepenultimate paragraph of the application for leave to appeal, defendant stated:

"The workmen's compensation appeal board we submit has clearly erred on the notice and/or claim matter. While certain other legal matters could also be involved on an appeal, such as the question whether * * * the $10,500.00 limitation regarding dust diseases is applicable, as well as the question whether the workmen's compensation appeal board erred in failing to make an apportionment, * * * as well as the compensation rate applicable, we limit ourselves on this application for leave to appeal to the question of lack of proper statutory notice or claim."