GRAMMAS v DONUT SYSTEMS, INC.

Workmen's Compensation—Appeal Board—Findings of Fact—Appeal and Error.

A finding by the Workmen's Compensation Appeal Board that a stroke suffered by an employee was work-related is affirmed where evidence was introduced to the appeal board from which varying inferences could be drawn, because decisions of the appeal board will be set aside only when they are contrary to law or not supported by competent, material, and substantial evidence on the whole record.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 March 7, 1974, at Lansing. (Docket No. 18285.) Decided March 29, 1974. Leave to appeal denied, 391 Mich 842.

Claim by Stavros Grammas against Donut Systems, Inc., and Michigan Mutual Liability Company for workmen's compensation. Compensation granted. Defendants appeal by leave granted. Affirmed.

*Church, Wyble, Kritselis & Tesseris* (by *Thomas H. Hay* and *Thomas M. Anderson)*, for plaintiff.

*Anderson, Green & McKay, P. C.,* for defendant.

Before: McGregor, P. J., R. B. Burns and R. L. Smith,* JJ.

Per Curiam. The defendants are appealing a

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation §§ 463, 481.
* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

decision of the Workmen's Compensation Appeal Board on leave granted.

Our examination of the record leads us to the conclusion that the sole question presented is one of fact. Because the board's finding of fact has substantial support in the record we affirm.

The plaintiff suffered a stroke and the sole question is whether his injury arose out of and in the course of his employment. The testimony of two physicians was placed in evidence. Both doctors indicated that the injury could have been caused by either an occlusion or a hemorrhage and both favored the occlusion theory. They also agreed that a hemorrhage could be work related but that an occlusion could not be. The nature of the injury and the fact that occlusions appear to be more common than hemorrhages were cited as the basis for the opinion that the injury was caused by an occlusion.

There was evidence in the record that indicated that the plaintiff suffered from high blood pressure. It also appears that the plaintiff was under some strain because of the demands of production and that some physical exertion was involved in the job. The medical testimony indicated that these conditions could well have precipitated a hemorrhage causing the plaintiff's injuries.

Decisions of the appeal board will be set aside only when they are contrary to law or not supported by competent, material, and substantial evidence on the whole record. *Tillotson v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973). In this case evidence was introduced from which varying inferences could be drawn. The board found that the injury was work related and we are not disposed to set aside this finding.

Affirmed. Costs to the plaintiff.