## TORRES v ARMOND CASSIL COMPANY

Docket No. 57585. Submitted November 12, 1981, at Detroit.—Decided April 23, 1982. Leave to appeal applied for.

Pedro Torres, an employee of the Armond Cassil Company, while being driven home from work one day by his foreman in a company vehicle, suffered injuries in an automobile accident. Torres applied for workers' compensation benefits, which were awarded by an administrative law judge. The Workers' Compensation Appeal Board reversed, finding that the injuries suffered by Torres did not arise out of and in the course of his employment. The Court of Appeals denied leave to appeal to Torres, but the Supreme Court, in lieu of granting leave to appeal, remanded the case to the Court of Appeals, 411 Mich 891 (1981). *Held:*

The Workers' Compensation Appeal Board erred in denying compensation benefits to Torres. Testimony established that Armond Cassil Company furnished transportation to and from the work site for Torres and others. At the time of his injury, Torres was being driven home from work and was still in the course of his employment. The administrative law judge's decision is reinstated.

Reversed.

MacKenzie, J., dissented. She would affirm the appeal board's decision. The appeal board's determination that Torres was not injured in the course of his employment was based on a finding that Torres failed to present sufficient evidence to support a finding that the employer paid for or furnished employee transportation, one of four considerations relevant to the ultimate determination of whether an injury to an employee while on the way to or from work is sufficiently employ-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 631, 633, 634.
[2, 4] 82 Am Jur 2d, Workmen's Compensation § 635.
[3] 82 Am Jur 2d, Workmen's Compensation § 255 *et seq.*
[4] 82 Am Jur 2d, Workmen's Compensation § 256.
[5] 82 Am Jur 2d, Workmen's Compensation § 534.
[6] 82 Am Jur 2d, Workmen's Compensation § 533.

ment-related to be compensable. Determination of the four considerations requires findings by the appeal board of underlying evidentiary facts, by which the Court of Appeals is bound. The appeal board was justified in denying workers' compensation benefits to Torres.

OPINION OF THE COURT

1. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — FINDINGS OF FACT.

The Workers' Compensation Appeal Board acts as a trier of fact in workers' compensation cases, weighing the credibility of evidence and drawing reasonable inferences from the facts established; these findings of fact may not be disturbed by the Court of Appeals where the findings are supported by competent evidence on the record (Const 1963, art 6, § 28; MCL 418.861; MSA 17.237[861]).

2. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL BOARD — WORK-RELATED INJURIES — FINDINGS OF FACT — LEGAL CONCLUSIONS.

The Workers' Compensation Appeal Board's determination as to whether there is a sufficient nexus between an employee's employment and an injury so that it may be said that the injury was a circumstance of the employment is an ultimate legal conclusion subject to review by the Court of Appeals.

3. WORKERS' COMPENSATION — TRAVEL TO OR FROM WORK — WORK-RELATED INJURIES.

Generally, an injury which occurs while an employee is traveling to or from work is not covered by workers' compensation; however, compensation may be provided where there is a sufficient nexus between the employment and the injury so that it may be said that the injury was a circumstance of the employment; considerations relevant to the determination of whether an injury to an employee while on the way to work is sufficiently work-related to be compensable are: (1) whether the employer paid for or furnished the employee transportation, (2) whether the injury occurred during or between working hours, (3) whether the employer derived a special benefit from the employee's activities at the time of the injury, and (4) whether the employment subjected the employee to excessive exposure to traffic risks.

DISSENT BY MacKENZIE, J.

4. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL
BOARD — WORK-RELATED INJURIES.

    *A determination by the Workers' Compensation Appeal Board as
to whether an employer paid for or furnished transportation to
an employee which was made in order to determine whether an
injury suffered by the employee had a sufficient nexus to his
employment to be considered a circumstance of employment is
a finding as to an underlying evidentiary fact and, in the
absence of fraud, is not subject to review by the Court of
Appeals.*

5. WORKERS' COMPENSATION — WORK-RELATED INJURIES — BURDEN OF
PROOF.

    *An injured employee seeking workers' compensation benefits
bears the burden of proving by a preponderance of the evidence
that his injury was employment related.*

6. WORKERS' COMPENSATION — WORKERS' COMPENSATION APPEAL
BOARD — INFERENCES.

    *The Workers' Compensation Appeal Board has wide discretion in
ascribing weight and credibility to evidence and in drawing
inferences from circumstances and is not compelled to draw an
inference favorable to a claimant merely because the only
evidence in the record would permit the board to draw such an
inference.*

*Ripple, Chambers & Steiner, P.C.,* for plaintiff.

*Sullivan, Ranger, Ward & Bone, P.C.* (by *Alan S.
Helmore),* for defendants.

Before: M. F. CAVANAGH, P.J., and ALLEN and
MacKENZIE, JJ.

PER CURIAM. This matter comes before this
Court pursuant to an order of the Supreme Court
remanding the case to this Court in lieu of grant-
ing leave to appeal. Plaintiff appeals from an order
of the Workers' Compensation Appeal Board (here-
inafter appeal board) denying compensation.

    Plaintiff was employed by defendant Armond
Cassil Company as a laborer. Plaintiff worked in
Adrian and lived in Detroit. Plaintiff's foreman

would drive plaintiff and other employees to and from their homes to the job site in an employer-owned vehicle. In November, 1973, on the way home from work, plaintiff was injured when the vehicle he was riding in was involved in an accident. The administrative law judge awarded workers' compensation benefits to plaintiff. The appeal board reversed that decision. Thereafter, this Court denied leave to appeal, but the Supreme Court remanded the case to this Court in lieu of granting leave to appeal.

The sole issue on appeal is whether the appeal board erred in finding that plaintiff's injury did not arise out of and in the course of employment.

It is for the appeal board and not this Court to act as the trier of fact, weighing the credibility of the evidence and drawing reasonable inferences from the facts established. While this Court may review questions of law, the findings of fact made by the appeal board, where supported by competent evidence on the record, may not be disturbed on appeal. This Court must affirm a decision of the appeal board if there is any evidence of record to support its findings. Const 1963, art 5, § 28, MCL 418.861; MSA 17.237(861), *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 135-136; 274 NW2d 411 (1979), *Harris v Detroit,* 103 Mich App 136; 302 NW2d 334 (1981), *Teddy v Dep't of State Police,* 102 Mich App 412; 301 NW2d 876 (1980).

In *Stover v Midwest Tank & Fabrication Co, Inc,* 87 Mich App 452; 275 NW2d 15 (1978), *lv den* 406 Mich 926 (1979), the Court found that the appeal board's finding that the plaintiff's death arose out of and in the course of his employment was an ultimate conclusion, a legal inference drawn from other facts. Therefore, it was not an evidentiary fact, and the finding was open to review by this

court. Also, see *Howard v Detroit,* 377 Mich 102, 105-106; 139 NW2d 677 (1966), and *Pappas v Sport Services, Inc,* 68 Mich App 423, 427, fn 1; 243 NW2d 10 (1976), *lv den* 397 Mich 825 (1976).

The applicable sections of the Worker's Disability Compensation Act are MCL 418.301(1) and (3); MSA 17.237(301)(1) and (3), which stated:

"Sec. 301. (1) An employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act.

\* \* \*

"(2) Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment. (Footnote omitted.)

Therefore, the general rule is that employees going to or from work are not covered by the act. However, in *Stark v L E Myers Co,* 58 Mich App 439, 442-443; 228 NW2d 411 (1975), *lv den* 394 Mich 814 (1975), the Court, recognizing the general rule, stated:

"This general rule however has been repeatedly riddled with exceptions to the extent that it seems to have become an exception to the exceptions. From this consequent erosion of the general rule, it would appear that there is arising through evolution a new rule which compensates where 'there is sufficient nexus between the employment and the injury' so that it may be said that the injury 'was a circumstance of the employment'. \* \* \*

"Considerations relevant to the ultimate determination of whether an injury to an employee while on the way to work is sufficiently employment-related to be compensable are:

"1. Whether employer paid for or furnished employee transportation. * * *

"2. Whether the injury occurred during or between working hours. * * *

"3. Whether the employer derived a special benefit from the employee's activities at the time of the injury. * * *

"4. Whether the employment subjected the employee to excessive exposure to traffic risks." (Citations omitted.)

Plaintiff argues that the first enumerated exception above applies to this case because the following testimony established that plaintiff's transportation to and from his employment was furnished by his employer:

"*Q.* All right, in November of 1973, what company did you work for?

"*A.* Armond Cassil.

"*Q.* You were working on the railroad, weren't you?

"*A.* Yes.

"*Q.* Mr. Torres, how far did you go in school, sir?

"*A.* About sixth grade.

"*Q.* Sixth grade?

"*A.* Yes.

"*Q.* And, have you worked as a laborer all your life?

"*A.* As a laborer, yes, sir.

"*Q.* Now, who was your foreman when you were working for Armond Cassil Company?

"*A.* He was Reney Vella.

"*Q. And, you and Mr. Vella and some other fellows went from Detroit to Adrian every day to work on the railroad?*

"*A.* Yes, to work on the railroad.

"*Q.* Okay. How did you get back and forth to work?

"*A. The foreman would pick us up in a company truck from our home to the job and from the job to our home.*

"*Q.* Now, on November 9 of 1973, you were in an accident, were you not?

"*A.* The sixth of November of 1973.

"*Q.* I'm sorry. Were you riding in the truck that day?

"*A.* Yes, we were riding in a truck.

"*Q.* And, who was driving?

"*A.* The foreman.

"*Q.* Mr. Vella?

"*A.* Yes.

"*Q.* And, where were you going?

"*A.* We were on our way home from work.

"*Q.* Then, what happened?

"*A.* Well, we were—we were sitting in the back of the station wagon when we felt a crash. All I felt is on my head. And, I think I was dead for about an hour and a half.

"*Q.* Do you mean by that that you were unconscious?

"*A.* Unconscious.

"*Q.* When you regained consciousness, where were you?

"*A.* When I woke up, the doctors were there. They fixed me up and they took me to the hospital." (Emphasis added.)

This was the only testimony at the hearing regarding plaintiff's transportation. The appeal board found that the evidence was insufficient from which an inference could be drawn to take this case out of the general rule.

We find that the above-emphasized testimony implied that the foreman drove plaintiff and his coemployees to and from work in an employer-owned vehicle *every day.* The testimony does not imply that this was an occasional or one-time occurrence. Therefore, plaintiff established that the employer furnished transportation to him, and the appeal board erred by denying compensation. We reverse the appeal board's decision and reinstate the administrative law judge's decision.

Reversed.

MACKENZIE, J. *(dissenting).* I respectfully dissent. This Court may determine whether the board's ultimate legal conclusions are correct, but we are bound by the board's findings as to underlying evidentiary facts. *Howard v Detroit,* 377 Mich 102, 105-106; 139 NW2d 677 (1966). Injuries sustained while going to and from work are compensable where there is a sufficient nexus between the employment and the injury so that it may be said that the injury was a circumstance of the employment. *Stark v L E Myers Co,* 58 Mich App 439, 442-443; 228 NW2d 411 (1975), *lv den* 394 Mich 814 (1975). The board's determination as to whether there was a sufficient nexus is an ultimate legal conclusion which this Court may review. *Stover v Midwest Tank & Fabrication Co, Inc,* 87 Mich App 452, 458; 275 NW2d 15 (1978).

However, in *Stark, supra,* the Court listed four considerations relevant to such an ultimate legal conclusion, including whether the employer paid for or furnished the employee's transportation. The board's determination of whether the employer paid for or furnished the employee's transportation is not an ultimate legal conclusion but a finding as to an underlying evidentiary fact.

Plaintiff bears the burden of proving by a preponderance of the evidence that his injury was employment-related. *Aquilina v General Motors Corp,* 403 Mich 206, 210-211; 267 NW2d 923 (1978). The board has wide discretion in ascribing weight and credibility to evidence and in drawing inferences from circumstances. *Fergus v Chrysler Corp (After Remand),* 67 Mich App 106, 112; 240 NW2d 286 (1976), *lv den* 406 Mich 870 (1979), *Coates v Continental Motors Corp,* 373 Mich 461, 467; 130

NW2d 34 (1964). The board is not compelled to draw an inference favorable to plaintiff merely because the only evidence in the record would permit the board to draw such an inference. *Fergus, supra,* 112-113.

The crucial testimony here was as follows:

"*Q.* And, you and Mr. Vella and some other fellows went from Detroit to Adrain every day to work on the railroad?
"*A.* Yes, to work on the railroad.
"*Q.* Okay. How did you get back and forth to work?
"*A.* The foreman would pick us up in a company truck from our home to the job and from the job to our home."

The board found:

"In this case, the only evidence offered on consideration #1, above, is that plaintiff testified the foreman drove him in a company truck. But, was this with defendant['s] acquiescence, express or implied; how often did it occur; who paid for gasoline; did the other passengers use their own vehicles on other days?

\* \* \*

"In sum, plaintiff has presented insufficient evidence from which even inferences might be drawn to take this case out of the general rule, or put it into the 'evolving new rule'."

While, as the majority notes, the testimony indicates that the foreman drove plaintiff and his coemployees to and from work every day in a company-owned vehicle, there was no direct evidence indicating that the foreman's actions were authorized or acquiesced in by the company. The board declined to draw such an inference from the testimony. The testimony permitted but did not compel the board to draw such an inference.

I would affirm.