EDMONDS v DETROIT BOARD OF EDUCATION

Docket No. 50475. Submitted November 12, 1981, at Detroit.—Decided April 5, 1982. Leave to appeal applied for.

Gladys K. Edmonds, a school teacher employed by the Detroit Board of Education, became unable to continue work because of *arteriosclerotic cardiovascular disease.* Edmonds sought workers' compensation benefits on the basis that the arteriosclerosis was caused or aggravated by employment stress. On conflicting evidence as to whether the arteriosclerosis was caused or aggravated by job-related stress, a workers' compensation hearing referee held that Edmonds' disability was compensable under the Worker's Disability Compensation Act and ordered payment of benefits. On appeal, the Workers' Compensation Appeal Board reversed the referee's award on the basis that the Supreme Court had held that arteriosclerosis was an ordinary disease of life which is not caused by job-related stress. Edmonds appeals. *Held:*

The language relied upon by the appeal board was a statement that should not be read to mean that persons suffering from arteriosclerosis, as a matter of law, are barred from receiving compensation benefits. The opinion in which that statement appears should be read as permitting recovery where the worker can demonstrate by a preponderance of proof that his arteriosclerosis, normally an ordinary disease of life, was aggravated or caused by the stress of work. On remand the appeal board shall determine whether there are sufficient proofs of a work-related or work-aggravated disability.

Reversed and remanded.

WORKERS' COMPENSATION — HEART DISEASE — ARTERIOSCLEROSIS — ELIGIBILITY FOR BENEFITS.

The statement of the Supreme Court that arteriosclerosis is an ordinary disease of life which is not caused or aggravated by the stress of work should not be read to mean that persons with arteriosclerosis are barred, as a matter of law, from receiving workers' compensation benefits; rather, it is clear

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation §§ 300, 514-516, 534.

that the Supreme Court intended payment of workers' compensation benefits only where the worker can demonstrate by a preponderance of proof that his arteriosclerosis, normally an ordinary disease of life, was aggravated or caused by the stress of work.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Jeanne Nunn* and *Granner S. Ries*), for plaintiff.

*John R. Brown,* for defendant.

Before: M. F. CAVANAGH, P.J., and ALLEN and MACKENZIE, JJ.

M. F. CAVANAGH, P.J. This case comes before this Court by leave to appeal from the decision of the Workers' Compensation Appeal Board (WCAB), which reversed a determination of the hearing referee granting plaintiff workers' compensation benefits.

Plaintiff began her teaching career in 1958 and it progressed uneventfully until, after an extended teachers' strike in 1973, she experienced a serious deterioration in student discipline. Students became disruptive and engaged in acts of destruction. Drug and racial problems became common. Plaintiff also encountered difficulties with parents and administrators. By Christmas of 1973, plaintiff was experiencing cardiac reactions: a fluttering heart and pains in her left arm. In February, 1974, plaintiff was hospitalized for seven weeks and suffered three cardiac arrests. She did not return to teaching until the following September. Plaintiff continued to experience severe symptoms, although she refused her doctor's recommendation that she be hospitalized. In January, 1976, after an incident with a student and subsequent administrative criticism of her actions, plaintiff became

too ill to continue teaching. Plaintiff has not since been able to work.

Dr. Helen H. Winkler, plaintiff's expert witness, examined plaintiff in September, 1976. Her deposition was admitted into evidence before the hearing referee. Dr. Winkler diagnosed plaintiff's condition as (1) coronary atherosclerotic heart disease with recurrent arrhythmias and history of cardiac arrests, and (2) chronic tension state. Dr. Winkler's opinion was that plaintiff's occupational stress aggravated her coronary atherosclerosis and created her chronic tension state. Dr. Winkler concluded that plaintiff's cardiac status prevented her from returning to work. However, Dr. Winkler was unable to confirm the existence of actual damage to the heart through EKG or other tests.

Dr. F. Dewey Dodrill, expert witness for the defense, examined plaintiff in April, 1976. His deposition was also admitted into evidence before the referee. He diagnosed plaintiff's condition as (1) hypertensive cardiovascular disease, and (2) emotional disturbance. Hypertensive cardiovascular disease indicates some arteriosclerosis, especially of the coronary arteries. Dr. Dodrill agreed that plaintiff was unable to return to work, but stated that he had no evidence that plaintiff's work caused or aggravated the hypertensive cardiovascular disease. However, Dr. Dodrill conceded that work-related emotional stress could aggravate the symptoms, although not the basic pathology of the cardiovascular disease.

The workers' compensation hearing referee held that plaintiff's injury was compensable under the Worker's Disability Compensation Act. Accordingly, he ordered defendant to pay plaintiff a weekly benefit as of February 11, 1976, and to

continue payment until further order. In addition, defendant was obligated to pay for plaintiff's medical expenses during her period of disability.

The Workers' Compensation Appeal Board, however, reversed the referee's decision in a written opinion. In making this determination, the appeal board stated in part:

"Since the entry of the referee's award on March 1, 1977, based on plaintiff's alleged disability from precipitation and/or aggravation of 'heart and related condition' through 'unusual stress and strain,' *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979) has issued. We are now directed to determine whether plaintiff suffered any work-related disability of her underlying condition within the confines of that decision. We find that plaintiff has not met the requirements of cardiac aggravation or injury set forth therein."

There does not appear to be any dispute as to the medical prognosis of plaintiff's arteriosclerotic cardiovascular disease. Medical experts for both parties concur on that point. Instead, the question is whether this disease was caused or aggravated by plaintiff's employment. Plaintiff argues that the stress of her occupation contributed to her condition, whereas defendant contends that the disease is not job-related and that the employee has not suffered the requisite damage or injury so as to be entitled to compensation.

At the heart of the dispute is the Supreme Court decision in *Kostamo v Marquette Iron Mining Co,* 405 Mich 105, 116; 274 NW2d 411 (1979). In that opinion, the Court considered five cases in which workers suffered arteriosclerotic heart disease. The matter was summarized as follows:

"The workers' compensation law does not provide

compensation for a person afflicted by an illness or disease not caused or aggravated by his work or working conditions. Nor is a different result required because debility has progressed to the point where the worker cannot work without pain or injury. Accordingly, compensation cannot be awarded because the worker may suffer heart damage which would be work-related if he continued to work. Unless the work has accelerated or aggravated the illness, disease or deterioration and, thus, contributed to it, or the work, coupled with the illness, disease or deterioration, in fact causes an injury, compensation is not payable.

"Arteriosclerosis is an ordinary disease of life which is not caused by work or aggravated by the stress of work. However, stress that would not adversely affect a person who does not have arteriosclerosis may cause a person who has that disease to have a heart attack."

A recent decision of this Court, *Fox v Detroit Plastic Molding & Corporate Service,* 106 Mich App 749, 756; 308 NW2d 633 (1981), considered the meaning of the above-quoted language from the *Kostamo* opinion. This Court stated the problem as:

"It is thus our duty to attempt to ascertain whether the four Supreme Court Justices who concurred in the majority opinion in *Kostamo* really meant that as a matter of law arteriosclerosis could not be aggravated by the stress of work. Whether stress in general, and work-related stress in particular, can aggravate arteriosclerosis to the point where the disease becomes disabling is apparently a matter of considerable medical debate."

After reviewing the medical evidence, the Court concluded:

"Given the apparent divergence of medical opinion concerning whether occupational stress aggravates arteriosclerosis, this matter is subject to reasonable dispute

and, as such, is not a fact amenable to judicial notice pursuant to MRE 201(b). Consequently, we do not follow the dicta in *Kostamo* since it is, in effect, judicial notice of disputed factual matter." *Id.,* 757.

Thus, the *Fox* Court determined that *Kostamo* does not stand for the proposition that arteriosclerosis, as a matter of law, cannot be aggravated by work-related stress. A worker suffering from this disease can, according to the *Fox* Court, receive compensation if employment aggravates the condition.

This result is supported by two other sources. First, the *Kostamo* decision itself, which states:

"Medical theory appears to be unanimous that work-related stress can precipitate or aggravate cardiac injury. The Legislature has, for certain occupations, created a presumption that a relationship between employment and cardiac injury exists. This Court has approved recovery under the workers' compensation law for heart injury caused by job-related stress. *We do not add to or disturb those precepts, but, rather, address matters of proof.*" 405 Mich 125-126. (Footnotes omitted; emphasis added.)

Pre-existing law, which provided for recovery where heart damage is caused by job-related stress, still obtains. See, *e.g., Zaremba v Chrysler Corp,* 377 Mich 226; 139 NW2d 745 (1966), and *Mottonen v Calumet & Hecla, Inc,* 360 Mich 659; 105 NW2d 33 (1960). See also *Hahn v Sarah Coventry, Inc,* 97 Mich App 389; 296 NW2d 36 (1980), *lv den* 411 Mich 886 (1981), and *Teddy v Dep't of State Police,* 102 Mich App 412; 301 NW2d 876 (1980) (application of prior rules in post-*Kostamo* heart injury cases).

In light of *Fox, supra,* and the factors which support it, we read *Kostamo, supra,* as an attempt

to provide guidance on the evidentiary problems of heart disease cases. It is not appropriate to conclude, therefore, that persons with arteriosclerosis are barred, as a matter of law, from receiving compensation benefits. Instead, the *Kostamo* decision should be read as permitting recovery where the worker can demonstrate by a preponderance of proof that his arteriosclerosis, normally an ordinary disease of life, was aggravated or caused by the stress of work.

In reversing the hearing referee in the instant case, the majority opinion of the WCAB relied on a literal interpretation of *Kostamo.* Based on the foregoing analysis, we conclude that the WCAB erred in its statement of the applicable law.

We remand this action to the WCAB for a determination of the sufficiency of the plaintiff's proofs of a work-related or work-aggravated injury in light of the foregoing interpretation of *Kostamo, supra.*

Reversed and remanded.